IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAYMOND A. LIMBRICK,  )
                      )
                      )
       Plaintiff,     )   Civil No. 04-1642-JE
                      )
    v.                )   OPINION AND ORDER
                      )
MULTNOMAH COUNTY and  )
ALAN TRAUTWEIN,       )
                      )
       Defendants.    )
_____)

  David B. Thompson
  4110 S.E. Hawthorne Boulevard, PMB 222
  Portland, OR 97214
      Attorney for Plaintiff

  Agnes Sowle, Multnomah County Attorney
  501 S.E. Hawthorne Boulevard, Suite 500
  Portland, OR 97214
      Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Raymond Limbrick brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants Multnomah County and Alan Trautwein imposed conditions on his parole that violated

1 - OPINION AND ORDER

his rights secured under the United States Constitution. Defendants move for summary judgment. I grant the motion.

**FACTUAL BACKGROUND**

The following summary is based upon facts set out in defendants' concise statement of material fact to which plaintiff has not objected and upon the portions of plaintiff's verified complaint which appear to be based upon plaintiff's personal knowledge and to constitute admissible evidence. See Lopez v. Smith, 203 F.3d 1122, 1133 n. 4 (9th Cir. 2000) (verified complaint may be considered as affidavit in opposition to motion for summary judgment if based upon personal knowledge and if sets out specific facts admissible in evidence).

In 1979, plaintiff was convicted of rape and sodomy in Georgia. He was paroled after serving six years in prison, and was discharged from parole in 1986 after completing his parole.

Plaintiff was on parole and/or probation in Multnomah County, and was supervised by Multnomah County Parole and Probation officers, in 1987, 1990, 1993, and 1995. During those times, sex offender supervision conditions were not imposed.

On March 7, 2003, plaintiff was released from incarceration that was based upon convictions for theft in Malheur, Yamhill, and Umatilla Counties. When he was released, the Oregon Board of Parole and Post-Prison

Supervision (Oregon Parole Board) ordered the imposition of general conditions and sex offender special conditions of supervision.  The special conditions included requirements that plaintiff have no contact with minors, and that he receive sex offender treatment and submit to polygraph testing.

Upon plaintiff's release from prison, his supervision was assigned to the Multnomah County Parole and Probation Office. Defendant Trautwein was assigned to supervise plaintiff.

Plaintiff requested administrative review of the conditions of supervision imposed, and specifically challenged the imposition of the special sex offender conditions.  On April 24, 2003, the Oregon Parole Board rejected plaintiff's challenge, and continued the special conditions applicable to sex offenders.  However, on June 17, 2003, the Oregon Parole Board modified the special conditions of supervision by adding the notation "PER PAROLE OFFICER" after each condition.

According to the affidavits of defendant Trautwein and Steven Liday, Assistant Director of the Adult Services Division of the Multnomah County Department of Community Justice, when the Oregon Parole Board imposes sex offender conditions of release including the "per PO" notation, the Multnomah County Parole Office's practice is to require a parolee to comply with the special conditions until he has satisfied a requirement for "a full disclosure sexual history polygraph and/or the opinion of a treatment provider." Defendant Trautwein's affidavit adds that Trautwein discussed

3 - OPINION AND ORDER

plaintiff's release conditions with his supervisor, and both Trautwein and his supervisor thought that, despite the time that had elapsed since plaintiff's sex offense, a "full disclosure polygraph" should be required before termination of the sex offender conditions was considered.  The affidavit also states that Trautwein explained the sex offender conditions to plaintiff, who did not take a "full disclosure" polygraph.

Plaintiff sought judicial review of the imposition of special sex offender parole supervision requirements.  On September 5, 2003, the Honorable Jack Landau, Acting Chief Judge of the Oregon Court of Appeals, granted plaintiff's motion for an order staying, pending judicial review, the imposition of the conditions requiring plaintiff to submit to random polygraph tests and to enter and complete a sex offender treatment program.

On November 14, 2003, the Oregon Board of Parole issued an Administrative Review Response setting out the Board's basis for imposing the sex offender conditions and finding that the sex offender conditions should be continued.

Plaintiff completed his period of post-prison supervision on March 6, 2004, and the supervision conditions expired.  On March 31, 2004, the Oregon Court of Appeals granted the State of Oregon's motion to dismiss plaintiff's challenge to the imposition of sex offender special conditions of supervision.

The sex offender conditions that defendants chose to impose restricted plaintiff in a number of ways.  These

conditions did not allow plaintiff to be in the presence of his seven-year-old daughter and his minor nieces, nephews, and cousins, and did not allow plaintiff to attend family functions where minors were present. These conditions likewise did not allow plaintiff to attend church services, or to visit parks, playgrounds, beaches, carnivals, or skating rinks where minors would be present, and prevented plaintiff from applying for or accepting a job with any business frequented by minors.

**CLAIMS**

Plaintiff alleges that defendants' imposition of sex offender supervision conditions based upon his conviction of a sex crime twenty-five years ago deprived him of rights secured under the 1st, 8th, and 14th Amendments to the United States Constitution. He seeks declaratory relief, recovery of compensatory damages in the amount of $100,000, and an award of punitive damages in the amount of $2,000,000.

**STANDARDS FOR EVALUATING MOTIONS FOR SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving

5 - OPINION AND ORDER

party's case.  Id.  When the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and show that there is a genuine issue for trial.  Id. at 324.

The substantive law governing a claim or defense determines whether a fact is material.  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  Reasonable doubts concerning the existence of a factual issue should be resolved against the moving party.  Id. at 630-31.  The evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985).  No genuine issue for trial exists, however, where the record as a whole could not lead the trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

Defendants contend that they are entitled to summary judgment because plaintiff cannot challenge the parole supervision conditions in a § 1983 action without first establishing through habeas corpus proceedings that his conviction or sentence were improper.  They also contend that defendant Trautwein is entitled to summary judgment on his qualified immunity defense.  Because defendant's first argument is well-taken, I need not and do not reach the qualified immunity issue.

In <u>Heck v. Humphrey</u>, 512 U.S. 475, 485 (1994), the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

This holding applies as well to actions seeking declaratory relief. <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997).

Plaintiff here is seeking damages and declaratory relief pursuant to § 1983, and neither his conviction nor his sentence has been invalidated through any of the alternatives noted in <u>Heck</u>. Accordingly, under the holding in <u>Heck</u>, plaintiff cannot proceed if a judgment in his favor would "necessarily imply" the invalidity of his sentence.

Whether a judgment in plaintiff's favor would imply the invalidity of plaintiff's underlying sentence turns on the proper characterization of the parole conditions which plaintiff challenges in this action. If those conditions are part of plaintiff's sentence, a judgment reflecting the

7 - OPINION AND ORDER

conclusion that their imposition violated plaintiff's rights secured under the Constitution would "necessarily imply" that plaintiff's sentence was invalid.

A review of relevant decisions supports the conclusion that the parole supervision conditions that plaintiff challenges here were part of plaintiff's sentence, and that a finding in plaintiff's favor would imply the invalidity of that sentence. In <u>United States v. Brown</u>, 59 F.3d 102, 105 (9th Cir. 1995), the Ninth Circuit noted that parole is "part of the original sentence," and the Supreme Court has concluded that parole conditions that significantly limit freedom render a parolee "in custody" for the purposes of habeas corpus analysis. <u>Jones v. Cunningham</u>, 371 U.S. 236, 243 (1963).

In <u>Moreno v. State of California</u>, 25 F. Supp. 2d 1060 (N. D. Cal. 1998), as in the present action, the plaintiff challenged parole conditions prohibiting his contact with minors. The court observed that "conditions of parole are part of the underlying sentence for purposes of <u>Heck</u> analysis." <u>Id.</u> at 1062. Accordingly, the court concluded that the plaintiff's "challenge to these conditions is not cognizable under § 1983 unless and until [he] demonstrate[s] that the conditions have been invalidated." <u>Id.</u> at 1063. In reaching this conclusion, the <u>Moreno</u> court noted that several courts have "held that parole conditions properly should be challenged by a habeas petition rather than a § 1983 action." <u>Id.</u> (citations omitted).

Given that parole is part of a sentence, and that parolees are considered "in custody" for purposes of habeas review, the reasoning of the Moreno court is sound, and conditions of parole logically form part of the sentence for Heck analysis. Here, as in Moreno, plaintiff's challenge of parole conditions impermissibly attacks a sentence that has not been invalidated.

Plaintiff cites Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002) in support of his contention that his challenge to parole conditions is not precluded under Heck. His reliance on Nonnette is misplaced. In Nonnette, the plaintiff brought an action pursuant to § 1983 alleging that state prison officials had violated his constitutionally-protected rights by miscalculating his prison sentence, and by revoking his good-time credits and imposing administrative segregation without supporting evidence. Id. at 984. The district court dismissed those claims, based upon Heck, on the grounds that the plaintiff's claims necessarily challenged the validity of underlying decisions that caused his continued confinement, and had not been set aside. Id.

In considering plaintiff's appeal following his release from prison and parole, the Ninth Circuit noted that a habeas corpus remedy was no longer available because a habeas action would be moot. Id. at 876. The court held that, though the plaintiff's success in a § 1983 action would imply the invalidity of the proceedings that resulted in his loss of good-time credits, the unavailability of a habeas corpus

remedy allowed the plaintiff to proceed with his action for damages.  Id.  The Nonnette court explicitly emphasized that its holding "affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters . . . ."  Id. at 878 n. 7.

In the present action, plaintiff is not challenging a loss of good-time credits or a revocation of parole.  Instead, he is challenging the imposition of parole supervision conditions that are fairly characterized as part of his sentence.  Therefore, the narrow exception identified in Nonnette to the general rule set out in Heck applies here only if a challenge to parole conditions is a "similar matter" within the meaning of Nonnette.

I conclude that it is not.  The exception cited in Nonnette appears to be reserved for those cases in which an individual may be subjected to additional actual incarceration either because of errors in determining when incarceration should cease or errors in determining that a release from incarceration before a sentence has expired should end.  The most significant common features of loss of good-time credits and revocation of parole are that they both result in an increase of time of actual incarceration and are not part of the underlying sentence.  Accordingly, a challenge to a loss of good-time credits or to parole revocation pursuant to § 1983 may allow a former prisoner to be compensated for the severe loss of liberty attendant to incarceration without necessarily implying the invalidity of the underlying

sentence.  Here, however, plaintiff does not allege that
violations of his constitutionally-protected rights resulted
in additional incarceration.  Instead, he complains that
inappropriate conditions were applied when he was released
from incarceration to complete his sentence in the relative
freedom of supervised parole.  Because parole conditions were
part of plaintiff's underlying sentence, his success would
necessarily imply the invalidity of his sentence.  Plaintiff
therefore is not asserting a challenge that is "similar" to
that allowed in Nonnette.

   Even if plaintiff's claims fit within the narrow
exception to the holding in Heck which the Nonnette court
identified, a recent United States Supreme Court decision
would undermine the conclusion that plaintiff may obtain
relief pursuant to § 1983 under the circumstances of the
present action.  In Wilkinson v. Dotson, 125 S. Ct. 1242
(2005), the Court reviewed at length the circumstances under
which habeas corpus precludes the pursuit of actions under
§ 1983.  As Justice Scalia noted in his concurrence, "the
Court's opinion focuses correctly on whether the claims
respondents pleaded were claims that may be pursued in habeas
- - not on whether respondents can be successful in obtaining
habeas relief on those claims."  Id. at 1251 (J. Scalia,
concurring).  Accordingly, a plaintiff whose habeas action is
barred by the statute of limitations or other procedural
restrictions "cannot use the unavailability of federal habeas

relief in his individual case as grounds for proceeding under § 1983." Id.

As noted above, the Nonnette court held that a former prisoner could challenge the loss of good-time credits through a § 1983 action because a habeas corpus remedy was no longer available. Justice Scalia's reiteration in Wilkinson that relief under § 1983 does not become available simply because habeas relief is moot as to a particular individual casts doubt on that conclusion.

## CONCLUSION

Defendants' motion for summary judgment (#10) is GRANTED.

DATED this 27th day of October, 2005.

<u>/s/ John Jelderks</u>
John Jelderks
U.S. Magistrate Judge